ELECTRONICALLY FILED - 2021 Nov 24 11:34 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0402275

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF ANDERSON** | **THE TENTH JUDICIAL CIRCUIT** |
| **Whitney Harrison,** | **Civil Action No.:** |
| Plaintiff, | |
| v. | **SUMMONS** |
| **Ford Motor Company,** | **(Jury Trial Demanded)** |
| Defendants. | |

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to the said Complaint upon the subscribers at 1717 Marion Street, Street, Columbia, South Carolina 29201, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, Plaintiff will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the Complaint.

*Signature page follows*

ELECTRONICALLY FILED - 2021 Nov 24 11:34 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0402275

Respectfully submitted,

*s/ Joseph O. Thickens*
Joseph O. Thickens, S.C. Bar No. 101398
J. Eric Cavanaugh, S.C. Bar No. 100044
William H. Yarborough, Jr., S.C. Bar No. 102868
Cavanaugh & Thickens, LLC
1717 Marion Street (29201)
Post Office Box 2409
Columbia, SC 29202
Tel:  (803) 888-2200
Fax: (803) 888-2219
Joe@ctlawsc.com
Eric@ctlawsc.com
will@ctlawsc.com

AND

Andrew L. Johnson | andrew@littlejohn.law
S.C. Bar No. 101536
LITTLEJOHN LAW LLC
1201 Main Street, Suite 1830
Columbia, South Carolina 29201
p. 803.764.4099
f. 803.974.4070

Columbia, South Carolina
November 24, 2021

ELECTRONICALLY FILED - 2021 Nov 24 11:34 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0402275

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF ANDERSON | THE TENTH JUDICIAL CIRCUIT |
| | |
| Whitney Harrison, | Civil Action No.: |
| Plaintiff, | |
| v. | COMPLAINT |
| Ford Motor Company, | (Jury Trial Demanded) |
| Defendant. | |

Now comes the Plaintiff, above-named, complaining of the Defendant, above-named, and does allege:

1. Plaintiff Whitney Harrison (hereinafter referred to as "Plaintiff") is a citizen and resident of Anderson County, South Carolina.

2. That Defendant Ford Motor Company (hereinafter "Ford") is a foreign corporation engaged in the manufacture and sale of passenger vehicles; that Ford sells its vehicles in South Carolina through a dealership network with the intent that its vehicles would be purchased and used in South Carolina; that Ford manufactured and placed the vehicle which is the subject of this action, a 2012 Ford Escape, VIN: 1FMCU0D78CKA81343 ("subject vehicle"), into the stream of commerce with the reasonable expectation that it could be used upon the roadways of South Carolina and involved in an accident therein.

3. The South Carolina Long Arm Statute authorizes this Court to exercise jurisdiction over this matter as it involves injuries to residents of South Carolina by a product that was placed into the stream of commerce where it was expected that it could be used within South Carolina.

4. That Ford has, in a systematic and continuous manner, purposefully availed itself of the benefits and protections of the laws of South Carolina by registering to do business, setting

3

up a dealership network utilizing the laws pertaining to automobile dealerships, advertising on airways in South Carolina, marketing its vehicles via print advertising in South Carolina, utilizing the roadways of South Carolina to deliver its vehicles and parts, and utilizing the Courts in South Carolina to enforce contracts, along with other activities. Ford's numerous activities in South Carolina are such that it could reasonably foresee defending a lawsuit in South Carolina where one of its products causes injury in South Carolina and such that maintenance of this suit is both fair and reasonable and in keeping with due process.

5. Defendant is subject to the jurisdiction of this Court by and through their commission of a tortious act within the territorial limits of the State of South Carolina pursuant to S.C. Code Ann. §§ 36-2-802, 803.

6. Venue is proper pursuant to §15-7-30 of the South Carolina Code of Laws.

7. The Court has subject matter jurisdiction over this matter and *in personam* jurisdiction over the parties.

**FACTS**

8. On or about February 22, 2021, Plaintiff drove the subject vehicle to a family member's residence in Anderson County, South Carolina with her young child in the rear seat.

9. Plaintiff parked the subject vehicle and exited to help her child inside the house while leaving her keys in the ignition. Plaintiff believed that the subject vehicle was in park at the time she exited the car.

10. Plaintiff returned from inside the residence to retrieve her keys. When she opened the car door and reached inside, the subject vehicle suddenly and without warning began to roll backwards.

ELECTRONICALLY FILED - 2021 Nov 24 11:34 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0402275

11.     The subject vehicle dragged Plaintiff backwards down the driveway and crashed violently into a fence across the road.

12.     Upon information and belief, the subject rollback incident is a known issue with vehicles of similar make and model to the subject vehicle and can occur when a vehicle is left in gear or not fully shifted into 'Park'.

13.     Upon information and belief, at the time of the manufacture of the vehicle, Defendant had an audible warning device/indicator that a vehicle was in gear available to equip on its vehicles.

14.     Upon information and belief, at the time of the manufacture of the vehicle, Defendant installed audible warning devices/indicators that a vehicle was in gear on other vehicles manufactured and sold by said Defendant.

15.     At the time of this incident, the subject vehicle was not equipped with any visible or audible warning to indicate that vehicle was in gear, or not in 'Park', when a driver attempted to remove the key.

16.     Upon information and belief, Defendant did not equip the subject vehicle with an audible warning device/indicator that a vehicle was in gear in an effort to avoid production costs.

17.     Despite having actual or constructive knowledge of this condition, Defendant failed to issue a recall or safety advisory to consumers including the Plaintiff regarding this dangerous defect prior to Plaintiff's injury, and/or to properly instruct users including the Plaintiff on how to safely operate the subject vehicle.

18.     As a result of being dragged and violently colliding with the fence, Plaintiff suffered serious and debilitating injuries including a fractured spine and numerous other fractures and dislocated bones.

19. The injuries and damages to Whitney Harrison were due to and proximately caused by the grossly negligent and reckless conduct of the Defendants in the following particulars.

## FOR A FIRST CAUSE OF ACTION
**(Negligence/Gross Negligence)**

20. The allegations contained in the foregoing paragraphs are incorporated herein by reference as if realleged verbatim.

21. At all times referenced herein, Plaintiff was using the vehicle as it was intended to be used.

22. At all times herein, Plaintiff was exercising due care for her own safety.

23. The vehicle sold to Plaintiff was defective, unfit for its intended purpose, and unreasonably dangerous.

24. Plaintiff was unaware of the defective and unfit qualities of this vehicle until after it had been used and relied upon by Plaintiff for its intended purpose.

25. As a direct result of the defective and unreasonably dangerous vehicle sold to Plaintiff by the Defendant, Plaintiff has suffered serious and permanent injuries.

26. Defendant is engaged in the business of manufacturing and/or selling vehicles including the subject vehicle to the public for a profit.

27. Defendant owed certain duties of care to the Plaintiff and to the public at large.

28. These duties include, but are not limited to, responsibility for the proper design, manufacture and sale of their products in a safe working condition, fit for all intended and foreseeable uses so as not to expose the users of their products to harm.

29. Defendant breached its duties owed to Plaintiff by improperly designing, manufacturing and selling to Plaintiff a vehicle that was defective, unfit for its intended purpose, and/or unreasonably dangerous.

ELECTRONICALLY FILED - 2021 Nov 24 11:34 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0402275

30. Defendant knew or should have known the importance of designing, manufacturing and selling products which were free of hazardous conditions and defects to the ultimate purchasers.

31. Defendant failed to exercise due care with regard to the design, manufacture, testing, and sale of the subject vehicle sold to Plaintiff, all in breach of the duties owed to Plaintiff.

32. Defendant was careless, negligent, grossly negligent, reckless, willful, and wanton in one or more of the following ways:

    a. Failing to properly design and manufacture a reasonably safe product;

    b. Failing to utilize available warning/safety features that would have prevented the accident;

    c. Failing to properly design and manufacture and product fit for its intended use;

    d. Providing and selling a product to Plaintiff that was defective, unfit for its intended use, and unreasonably dangerous;

    e. Failing to exercise that degree of care and caution that a reasonable manufacturer or seller would have exercised under the same or similar circumstances; and

    f. Such other and further particulars as may be demonstrated by the evidence at trial.

33. As a direct and proximate result of the careless, negligent, grossly negligent, reckless, willful, and wanton conduct of the Defendant described herein, Plaintiff has suffered injury and other damages including some or all of the following:

    g. Physical injury;

    h. Medical expenses;

    i. Mental anguish;

    j. Emotional distress;

ELECTRONICALLY FILED - 2021 Nov 24 11:34 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0402275

ELECTRONICALLY FILED - 2021 Nov 24 11:34 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0402275

    k.  Permanent impairment of health;

    l.  Disfigurement;

    m.  Pain and suffering;

    n.  Loss of enjoyment of life;

    o.  Loss of income;

    p.  Loss of earning capacity; and,

    q.  Such other damages as may be shown by the evidence produced at trial.

34.    Plaintiff is entitled to judgment against the Defendant for actual damages, punitive damages, the costs of this action, pre-judgment interest, post-judgment interest, and for such other and further relief as this Court deems just and appropriate.

**FOR A SECOND CAUSE OF ACTION**
**(Strict Products Liability – S.C. Code Ann. Sec.15-73-10 et seq.)**

35.    The allegations contained in the foregoing paragraphs are incorporated herein by reference as if realleged verbatim.

36.    At all times relevant herein, Defendants were engaged in the business of selling products such as the vehicle sold to Plaintiff.

37.    At all times relevant herein, Defendants sold a vehicle to Plaintiff that was defective and unreasonably dangerous in that it failed to utilize available warnings.

38.    Defendants sold and delivered this defective vehicle to Plaintiff without substantial change in its condition from the time it left the Defendants and ultimately arrived to Plaintiff.

39.    As a direct and proximate result of the defective and unreasonably dangerous product manufactured and sold by the Defendant to Plaintiff, Plaintiff suffered injuries and other damages as previously set forth herein.

8

40.     Defendant is strictly liable to Plaintiff for the harm resulting to her in connection with the subject motorcycle pursuant to S.C. Code Ann. Sec.15-73-10 et seq. and other applicable law.

41.     Plaintiff is entitled to actual and punitive damages, the costs of this action, prejudgment interest, post-judgment interest, and for such other and further relief as this Court may deem just and appropriate.

**WHEREFORE**, Plaintiff prays for judgment against Defendant for actual, special, consequential and punitive damages to be determined in accordance with law, including,

(a) costs and attorney's fees;

(b) actual, special, consequential and punitive damages;

(c) pre and post judgment interest at the legal rates;

(d) such further relief as the Court may deem just and proper.

*Signature page follows*

ELECTRONICALLY FILED - 2021 Nov 24 11:34 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0402275

ELECTRONICALLY FILED - 2021 Nov 24 11:34 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0402275

Respectfully submitted,

*s/ Joseph O. Thickens*
Joseph O. Thickens, S.C. Bar No. 101398
J. Eric Cavanaugh, S.C. Bar No. 100044
William H. Yarborough, Jr., S.C. Bar No. 102868
Cavanaugh & Thickens, LLC
1717 Marion Street (29201)
Post Office Box 2409
Columbia, SC 29202
Tel: (803) 888-2200
Fax: (803) 888-2219
Joe@ctlawsc.com
Eric@ctlawsc.com
will@ctlawsc.com

AND

Andrew L. Johnson | andrew@littlejohn.law
S.C. Bar No. 101536
LITTLEJOHN LAW LLC
1201 Main Street, Suite 1830
Columbia, South Carolina 29201
p. 803.764.4099
f. 803.974.4070

**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina
November 24, 2021

10

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF ANDERSON | |
| WHITNEY HARRISON<br>PLAINTIFF, | C/A NO: 2021-CP-04-02275 |
| vs. | **AFFIDAVIT OF SERVICE** |
| FORD MOTOR CREDIT COMPANY,<br>DEFENDANT(S). | |

21295                    **Service of Process on**: FORD MOTOR CREDIT COMPANY, REGISTERED AGENT, CT CORPORATION SYSTEM

The undersigned, being first duly sworn, on oath deposes and states: That s(he) is now and at all times herein mentioned a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named above, and is competent to be a witness therein.

**Documents Served:**

- [ ] LP
- [x] Summons & Complaint
- [ ] Notice of F/C Intervention
- [ ] Certification from Exemption ADR
- [ ] Amended LP
- [ ] Amended Summons & Complaint
- [ ] Amended Notice of F/C Intervention
- [ ] Amended Certification from Exemption From ADR
- [ ] Amended CARESact
- [ ] CARESact
- [ ] Rule To Show Cause

This affiant served the above-described documents at 2 OFFICE PARK COURT, STE. 103, COLUMBIA SC 29223 on the 1ST day of December, 2021 at 9:00 AM by delivering 1 copies of same to:

- [ ] **INDIVIDUAL SERVICE:**    [ ] **MET DEFENDANT AT**

- [ ] **SUBSTITUE SERVICE** by leaving a copy of the above-described documents at his/her usual place of abode with (relationship/paralegal):        a person residing therein of suitable age and discretion who confirmed the Defendant resides at the above address and informed that person of the contents thereof.

- [x] **CORPORATE OR GOVERNMENT SERVICE** by leaving a copy of this process with LISA CULLER   (Title) PARALEGAL WITH THE REGISTERED AGENT , a person authorized to accept service and informed that the person of the contents thereof.

MILITARY    No           MOBILE HOME PICTURES E-MAILED __
MARRIED    __
HOUSE        __          PROPERTY ADDRESS: ____
OWNER OCCUPIED: __
MOBILE HOME: __          COMMENTS:

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
Age 50'S   Gender Female   Race W   Height 5'4   Weight 150   Hair BLONDE   Glasses NO

Signature of Process Server: The undersigned declares, under penalty of perjury, that the foregoing is true and correct and that he/she is over the age of 18 and is not interested party in this action.
NAME: Steven W Smith                                         12-04-2021
      Print                    Signature                      Date

Notary Public: Subscribed and sworn before me on this 4TH day of December in the year of 2021
Personally known to me [x] or [ ] identified by the following document:

Notary Public for SOUTH CAROLINA                    Type: ____
Commission Expiration: 2-25-2023

Notary Public (Legal Signature)

ELECTRONICALLY FILED - 2021 Dec 06 9:54 AM - ANDERSON - COMMON PLEAS - CASE#2021CP0402275



# Service of Process Transmittal
12/02/2021
CT Log Number 540678658

**TO:** Chuck Morici
Ford Motor Company
1 American Rd
Dearborn, MI 48126-2798

**RE:** Process Served in South Carolina

**FOR:** Ford Motor Company  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Whitney Harrison // To: Ford Motor Company |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Anderson County Court of Common Pleas, SC<br>Case # 2021CP0402275 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury - 2012 Ford Escape, VIN: 1FMCU0D78CKA81343 |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Columbia, SC |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/02/2021 at 12:37 |
| **JURISDICTION SERVED :** | South Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service hereof, exclusive of the day of such service |
| **ATTORNEY(S) / SENDER(S):** | Joseph O. Thickens<br>Cavanaugh & Thickens, LLC<br>1717 Marion Street (29201)<br>Post Office Box 2409<br>Columbia, SC 29202<br>803-888-2200 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/03/2021, Expected Purge Date: 12/08/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>2 Office Park Court<br>Suite 103<br>Columbia, SC 29223<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.